IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KURTIS R. CLYMER                                                                    PLAINTIFF

vs.                                         CIVIL NO. 05-2131

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

## MEMORANDUM OPINION

Kurtis Clymer ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

## Background:

The applications for DIB and SSI now before this court were filed on July 2, 2003, alleging an onset date of March 1, 2003, due to hepatitis C, depression, and back problems. (Tr. 13-14, 85-90, 317-321). An administrative hearing was held on February 1, 2005. (Tr. 28-56). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-five years old and possessed a high school education. (Tr. 35). The record reveals that he had past relevant work ("PRW") experience as a kitchen helper, construction worker, line worker, and furniture assembler. (Tr. 14, 35-36, 98).

The Administrative Law Judge ("ALJ"), rendered an unfavorable decision on July 29, 2005. (Tr. 10-20). He concluded that plaintiff's impairments were severe but determined that they did not

meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 19). The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to perform medium work. However, he concluded that plaintiff had moderate limitations in the areas of understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods of time; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; and, setting realistic goals and making plans independently of others. (Tr. 20). As a result, the ALJ found that plaintiff was limited to performing work where the interpersonal contact was only incidental to the work performed; the complexity of the tasks was learned and performed by rote with few variables and little judgment required; and, the supervision required was simple, direct, and concrete. With the assistance of a vocational expert, he then concluded that plaintiff could return to his PRW as a kitchen helper, line worker, and furniture assembler. (Tr. 20).

On August 10, 2005, the Appeals Council declined to review this decision. (Tr. 3-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Although both parties were afforded the opportunity to file appeal briefs, plaintiff has chosen not to do so. (Doc. # 10). This case is now ready for decision.

2

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his

3

disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## **Discussion:**

Of particular concern to the undersigned is the fact that plaintiff was diagnosed with provisional borderline mental retardation. On September 18, 2003, Dr. Robert Spray evaluated plaintiff and diagnosed him with borderline mental retardation (provisional) and antisocial and dependent personality traits. (Tr. 192). He noted that plaintiff had difficulty with some functional academics as well as interpersonal relationships. (Tr. 193). However, Dr. Spray was undecided as to whether plaintiff's adaptive functioning was consistent with a diagnosis of borderline mental retardation.

AO72A
(Rev. 8/82)

After reviewing the remaining evidence of record, we note that there is no additional evidence to clarify the issue concerning this diagnosis. While the ALJ does mention it in his opinion, he merely states that Dr. Spray was unable to make a definitive diagnosis. We note that the ALJ has a duty to fully develop the record regarding the claimant's impairments. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). As that duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped, we believe that remand is necessary. *Id.*

On remand, the ALJ is directed to order a second mental evaluation. The ALJ should also address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Further, the ALJ is directed to ask the physicians specific questions concerning plaintiff's intellectual abilities in order to clarify the record.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**